UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON DANIEL MATNEY, | ) | 1: 05-CV-00767-AWI-SMS |
| Plaintiff, | ) ) ) | ORDER SCREENING AND CONSTRUING COMPLAINT (DOC. 1) |
| v. | ) ) ) | ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS |
| FRESNO HEAT TASK FORCE CALIFORNIA HIGHWAY PATROL OFFICER L. PRATT ID # 13569, et al., | ) ) ) ) | DIRECTIONS TO THE CLERK AND TO THE MARSHAL RE: SERVICE ON DEFENDANTS |
| Defendants. | ) ) ) | |

Plaintiff is a state prisoner at the Fresno County Jail proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Plaintiff filed a complaint on June 14, 2005.

I. Screening and Construing the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

1

1  thereof if the Court determines that an allegation of poverty is
2  untrue or that the action is 1) frivolous or malicious, 2) fails
3  to state a claim upon which relief may be granted, or 3) seeks
4  monetary relief from a defendant who is immune from such relief.
5  28 U.S.C. §§ 1915A(b), 1915(e)(2).

6  In reviewing a complaint under this standard, the Court
7  must accept as true the allegations of the complaint in question,
8  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
9  (1976), construe the pro se pleadings liberally in the light most
10 favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
11 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13 If the Court determines that the complaint fails to state a
14 claim, leave to amend should be granted to the extent that the
15 deficiencies of the complaint can be cured by amendment. Lopez v.
16 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
17 complaint, or a portion thereof, should only be dismissed for
18 failure to state a claim upon which relief may be granted if it
19 appears beyond doubt that the Plaintiff can prove no set of
20 facts, consistent with the allegations, in support of the claim
21 or claims that would entitle him to relief. See Hishon v. King &
22 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
23 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
24 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
25 Dismissal of a pro se complaint for failure to state a claim is
26 proper only where it is obvious that the Plaintiff cannot prevail
27 on the facts that he has alleged and that an opportunity to amend
28 would be futile. Lopez v. Smith, 203 F.3d at 1128.

1    Here, Plaintiff alleges that on December 9, 2004, while
2 Plaintiff was attempting to regain control of his motorcycle
3 after being hit by a truck, California Highway Patrol Officer L.
4 Pratt of the Fresno Heat Team tackled him, slammed him to the
5 concrete, and punched him about eight times. Plaintiff was
6 shocked for ten seconds in his back with a taser by Fresno Police
7 Department Officer R. Dewey. He also alleges that all this was
8 also done by five unidentified police officers. Plaintiff names a
9 Doe as a defendant as well.
10    The naming of the two named defendants is arguably
11 ambiguous; it might appear that Plaintiff is naming the Fresno
12 Heat Task Force and the California Highway Patrol (CHP) as
13 defendants as well as the two individuals, CHP Officer L. Pratt
14 and Fresno Police Department Officer R. Dewey. However, Plaintiff
15 fails to allege any facts that would indicate that the CHP or the
16 Fresno Heat Task Force were responsible as defendants in this
17 action. Reasonably construed, the complaint is understood as
18 referring to a "Doe" or unnamed defendant, as well as two named
19 defendants: Officer L. Pratt, I.D. # 13569, of the Fresno Heat
20 Task Force of the California Highway Patrol; and Fresno Police
21 Officer R. Dewey. The complaint IS SO CONSTRUED.
22    II. Service
23    A review of the complaint submitted by Plaintiff shows that
24 if the pro se plaintiff's allegations are liberally construed in
25 the light most favorable to the Plaintiff, Jackson v. Carey, 353
26 F.3d 750, 756 (9th Cir. 2003), Plaintiff has alleged facts that
27 might support an excessive force claim entitling him to relief
28 against Defendants Pratt and Dewey and the Doe defendant.

Accordingly, the entire action does not fail to state a claim for relief, and the Court will proceed to order the complaint served on behalf of Plaintiff on Defendants Pratt and Dewey.[1]

### A. Directions to the Marshal

Accordingly, when appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint.

### B. Directions to the Clerk and to Plaintiff

Service IS appropriate for the following defendants: Officer L. Pratt, ID # 13569, of the Fresno Heat Task Force of the California Highway Patrol; and Fresno Police Department Officer R. Dewey.

Accordingly,

1) The Clerk of the Court shall send Plaintiff two USM-285 forms, two summonses, an instruction sheet, a notice of submission of documents form, an instruction sheet, and a copy of the complaint filed in this Court.

2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

---

[1] Plaintiff states in his amended complaint that he has not yet ascertained the identities of the Doe defendants. The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981). Further, The United States Marshal cannot initiate service of process on unknown defendants. Therefore, the Court will send plaintiff the appropriate service documents at such time that plaintiff ascertains that identities of the Doe defendants and requests service.

1    a. Completed summons;
2    b.  One completed USM-285 form for each defendant listed
3       above; and
4    c. Three copies of the endorsed complaint filed in this
5       Court.
6    Plaintiff need not attempt service on defendants and need
7       not request waiver of service.
8    3) Upon receipt of the documents described above, the Clerk
9 of the Court SHALL FORWARD them to the United States Marshal to
10 serve the above-named defendants pursuant to Federal Rule of
11 Civil Procedure 4 without payment of costs.
12    **Plaintiff's failure to comply with this order will**
13 **result in a recommendation to dismiss this action for**
14 **failure to obey this Court's order.  Local Rule 11-110.**
15
16 IT IS SO ORDERED.
17 **Dated:   June 23, 2005**           /s/ Sandra M. Snyder
   icido3                       UNITED STATES MAGISTRATE JUDGE