UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON DANIEL MATNEY, | ) | 1: 05-CV-00767-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS ACTION FOR PLAINTIFF'S |
| | ) | FAILURE TO FOLLOW A COURT ORDER, |
| v. | ) | EFFECTUATE SERVICE, AND OTHERWISE |
| | ) | PROSECUTE THIS ACTION (DOCS. 5, |
| FRESNO HEAT TASK FORCE | ) | 8) |
| CALIFORNIA HIGHWAY PATROL | ) | |
| OFFICER L. PRATT ID # 13569, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner at the Fresno County Jail proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Background

On June 24, 2005, Plaintiff was directed to submit service documents to the Court within thirty days. Further, Plaintiff was informed that his failure to comply with the order would result in a recommendation that the action would be dismissed for

failure to follow the Court's order pursuant to Local Rule 11-110. The order directing service and the service documents that Plaintiff was to complete and return were served by mail on Plaintiff on the same date. Well over thirty days passed, and Plaintiff failed to submit service documents or to take any steps to effectuate service.

On November 9, 2005, there was served on Plaintiff by mail by the Court an order to show cause within fifteen (15) days why this action should not be dismissed for failure to obey the Court's order of June 24, 2005, to submit service documents and effectuate service on Defendants Pratt and Dewey.

Over fifteen days have passed since the service of the order to show cause, but Plaintiff has not responded or shown cause why the action should not be dismissed. The order to show cause that was served by mail was returned to the Court with the notation that Plaintiff was not in custody. Local Rule 83-182(f) provides that absent a notice of change of address, service of documents at the prior address of a party or an attorney shall be fully effective. Plaintiff has not given notice of any change of address; thus, service at his prior address was fully effective.

II. <u>Dismissal for Failure to Prosecute the Action</u>

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." <u>Thompson</u>

2

v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, because the complaint has been pending for a lengthy period the Court finds that the public's interest in expeditiously resolving this litigation and the Court's

interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to show cause mentioned dismissal as the consequence of failure to respond to the order. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

III. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action BE DISMISSED based on Plaintiff's failure to prosecute the action and to obey the Court's orders to serve the complaint and to show cause, and that the Clerk of Court BE DIRECTED to enter judgment for Defendant because the dismissal would terminate the action in its entirety.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the

Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 2, 2005**            /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE